**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2021[*]
Decided July 27, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1144

| | |
|---|---|
| MICHAEL ANTHONY CLARK, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Central District of Illinois. |
| | |
| | No. 19-cv-1305-JES |
| *v.* | |
| | James E. Shadid, |
| M. SEGAL, Warden, | *Judge.* |
| *Respondent-Appellee*. | |

**O R D E R**

*Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), held that to convict a person of illegally possessing a firearm under 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"—that he belonged to a category of persons barred under

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). We have also substituted the current respondent, M. Segal (first name unavailable), warden at Federal Correctional Institution Pekin. FED. R. APP. P. 43(c)(2).

§ 922(g) from possessing firearms. Michael Clark invokes 28 U.S.C. § 2241 and *Rehaif* to attack his convictions for illegally possessing firearms as a felon. Clark argues that he is innocent because he thought that his civil right to possess guns had been restored, and the government did not prove otherwise. But "restoration" is an affirmative defense under 18 U.S.C. § 921(a)(20) that Clark must prove, and he did not do so. Further, Clark conceded that he knew he possessed firearms and that he was a felon, a category of persons that § 922(g) bars from possessing guns. Because relief under § 2241 requires a miscarriage of justice, which did not occur, we affirm.

Clark's attack on his felon-in-possession charges has a long history. He was indicted in 2005 in the Eastern District of Michigan for drug crimes and two counts of possessing a firearm as a felon. In moving to dismiss those latter counts, Clark argued that, by completing his prison sentence on the underlying felony conviction in 1990, the State of Michigan fully restored his civil rights. He conceded that since 1992 Michigan law has prohibited felons from possessing a firearm unless they successfully applied to restore their right to have a gun. *See* MICH. COMP. LAWS §§ 750.224f, 28.424 (1992). But he contended that the change to the law in 1992 did not constitutionally apply to him, an argument that the district court rejected. *See* Opinion and Order at 3–5, *United States v. Clark*, No. 05-80810 (E.D. Mich. July 18, 2006). After his conviction, the district court sentenced him to 600 months' imprisonment (including two consecutive 120-month terms on the § 922(g)(1) counts). Clark appealed his felon-in-possession convictions, without success. *United States v. Jackson*, 454 F. App'x 435, 445 (6th Cir. 2011). The Sixth Circuit emphasized that the change in law in 1992 was immaterial: When Clark was convicted in 1984 of his felony, Michigan law already barred felons from possessing guns unless they successfully applied to restore their gun-possession rights, MICH. COMP. LAWS § 28.422 (1972), and Clark had not proven that he had done so. *Jackson*, 454 F. App'x at 445.

Clark continued unsuccessfully to attack his felon-in-possession convictions. In a motion under 28 U.S.C. § 2255, he asserted that his counsel was ineffective for failing to prove Clark's innocence of the felon-in-possession charges. For what he regarded as evidence of his lawyer's incompetence, Clark submitted orders from other firearm prosecutions against him that had resulted in dismissal or acquittal; an application to restore his firearm rights from 2001; and a certificate that he completed a firearm-safety course. The district court denied the petition, explaining that none of the submissions showed that his right to possess a firearm had been restored. *United States v. Clark*, No. 05-80810, 2017 WL 3412166, at *3 (E.D. Mich. Aug. 9, 2017). The Sixth Circuit denied

a certificate of appealability. *See* Order at 4, *Clark v. United States*, No. 17-2048 (6th Cir. Mar. 9, 2018).

Clark's latest attack began in 2019. He petitioned the Central District of Illinois, where he is now incarcerated, for relief under § 2241. Relying on *Rehaif*, his belief that under § 921(a)(20) the discharge of his prison sentence in 1990 had fully restored his civil rights, and the government's failure to contradict his belief, Clark contended that he is actually innocent of his convictions under § 922(g)(1). The district court denied Clark's petition. It reasoned that *Rehaif* required that the government prove only that Clark knew that he was a previously convicted felon at the time he possessed the firearm, a fact that Clark "unequivocally concede[d]." Nothing in *Rehaif*, the court added, mandated that the government also negate a possible affirmative defense of the restoration of civil rights under § 921(a)(20).

On appeal, Clark repeats his argument that, because the government did not show that he knew that his gun rights had not been restored, under *Rehaif* he is innocent and entitled to relief under § 2241. We review the district court's ruling denying relief under § 2241 de novo. *Pope v. Perdue*, 889 F.3d 410, 413 (7th Cir. 2018). Generally, a federal prisoner attacking a conviction collaterally must move under § 2255 in the district of conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). But a prisoner may file a § 2241 petition in his district of incarceration if § 2255 is "inadequate or ineffective" to test the legality of his detention. *See* § 2255(e). That occurs if the petitioner shows that he: (1) seeks relief based on a decision of statutory interpretation; (2) that decision applies retroactively and could not have been invoked in his first § 2255 petition; and (3) a miscarriage of justice will occur if the petition is disallowed. *Chazen*, 938 F.3d at 856; *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998).

As the government correctly argues, Clark's petition falters at the third step. Section 922(g)(1) bars felons—those convicted of crimes "punishable by imprisonment for a term exceeding one year"—from possessing firearms. A conviction under § 922(g)(1) is valid when the government proved that the defendant knew that "he possessed a firearm" and knew "he was a felon." *Rehaif*, 139 S. Ct. at 2194; *see also United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020). Clark concedes that the government proved these elements. Thus, he cannot show a "miscarriage of justice," and *Rehaif* provides him no relief.

Clark responds by arguing, incorrectly, that *Rehaif* shifted to the government the burden to disprove that Clark's civil rights had been restored. Section 921(a)(20) states that a predicate felony does not include a conviction for which the convict has had civil

right to possess firearms "restored." We have repeatedly held that § 921(a)(20) is an affirmative defense: "The defendant bears the burden of proving that his rights were restored…." *United States v. Shields*, 789 F.3d 733, 749 (7th Cir. 2015); *see also United States v. Zuniga*, 767 F.3d 712, 719 (7th Cir. 2014). *Rehaif* did not disturb this precedent because the Supreme Court focused on the elements of the government's case under § 922(g), 139 S. Ct. at 2194–97, not on the affirmative defense of § 921(a)(20) on which the defendant bears the burden of proof. Clark has previously attempted—and failed—before trial, on direct appeal, and under § 2255, to meet his burden to prove that his civil rights had been fully restored. His attempt to use *Rehaif* to argue that he never bore that burden in the first place and that his conviction is a miscarriage of justice therefore fails.

We briefly address a final matter. Clark contends that the district court should have held an evidentiary hearing. But the court did not abuse its discretion in refusing to hold a hearing because it correctly concluded, as a matter of law, that Clark did not meet the requirements under § 2241.

We have considered Clark's remaining arguments, and none has merit.

AFFIRMED